Merrimack,  
March 5, 1918.

FRANK BOILEY, *Adm'r, v.* BOSTON & MAINE RAILROAD.

Notices to forbid trespassing, posted by a railroad on its right of way in plain sight of one entering thereon and legible from a distance of fifteen feet constituted a compliance with Laws 1899, c. 75.

Counsel may properly argue that the demand of the public for fast trains is to be considered in determining whether a railroad is guilty of gross negligence in fixing a certain speed for a train.

CASE, for causing the death of the plaintiff's intestate. Trial by jury and verdict for the defendant. The deceased, who was in his eighth year, was killed while walking on the defendant's north bound track. He entered on its right of way from the easterly side, by a private way leading from Canal street over its tracks to the Amoskeag Mills. When he reached the north bound track he turned to the right and, while walking along that track, was killed. There was a notice on the northerly side of the private way and the easterly side

of the north bound track facing the private way and about three feet therefrom, reading, "Private Way. Dangerous Crossing." On the westerly side of the south bound track were two notices reading, "Trespassing forbidden under penalty of the law. Boston & Maine Railroad." These notices faced the private way; one was eighteen feet north and the other eight feet south of it. The first letter in each word was three inches high; all the other letters were two and one half inches high. The court instructed the jury that the plaintiff could not recover unless the defendant was guilty of gross or wilful negligence, and he excepted. He also excepted to the court's charge and its refusal to charge in respect to gross negligence and to remarks of the defendant's counsel. Transferred from the October term, 1916, of the superior court by *Sawyer*, J.

*Robert W. Upton, John M. Stark* and *Arthur S. Healy* (*Mr. Upton* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for the defendant.

YOUNG, J. The test to determine the validity of the ruling that the plaintiff could not recover unless the defendant was guilty of either gross or wilful negligence is to inquire whether the notices it posted were such as the ordinary man would have posted in that situation, if he wished to bring himself within the provisions of Laws 1899, *c.* 75.

Although the issue raised by this inquiry is one of fact, whether there is any evidence from which it can be found that the notices were not such as the average man would have posted is an issue of law. The evidence relevant to that issue is that the notices were in plain sight of any one entering on the defendant's tracks at the place where the deceased entered, and that the letters were so large the notices could be read from a point fifteen feet easterly of the easterly track. In other words, it is clear that anyone who gave the matter the slightest attention would have discovered that the defendant was unwilling for him to enter on its right of way, and that is all the notice the statute requires to relieve railroads from the consequence of accidents caused by their failure to use ordinary care.

The plaintiff requested the court to charge in substance that (1) if the defendant could have prevented the accident after it saw the deceased and knew or had reasonable cause to think he was in a

dangerous situation and that (2) if it drove its trains at a high rate of speed over this portion of its track which it knew or ought to have known was used for travel without giving suitable warning of the approach of the train or taking such other precautions as are reasonably necessary to avoid an accident, then and in either case these facts would justify a finding that the defendant was guilty of gross negligence. The court would have been warranted in denying these requests because of their indefiniteness, for they are as capable of the construction that the failure to use ordinary care in the face of a known danger is gross negligence as of the one that the facts they recite are relevant to the issue of gross negligence; for saying that certain facts will warrant a finding of gross negligence is but another way of saying that they constitute gross negligence, and, if that was what was intended by those requests, they were properly denied. *Colston* v. *Railroad, ante,* 284. If by these requests was intended that the facts they recite were relevant to the issue of gross negligence, they were included in the instructions that the jury should consider the evidence as to use of the defendant's right of way by trespassers, its knowledge of this use, the grade of the road, the curve, the obstructions on the other track and all other facts which would naturally be taken into account in determining how this train should have been run at the time of the accident.

Railroads are public service corporations—that is, they are permitted to exercise public functions and in return therefor are bound to give the public reasonable accommodations as well as to serve for a fair price. Since this is so, the defendant's counsel was well within his rights when he said to the jury: "I ask you if you think the public would stand very long for traffic which did not move at as great a rate of speed as to cover that mile and three quarters in four minutes. That is one of the facts which you are to consider in this case, whether or not in making up the schedule for this train the railroad was guilty in failing to exercise ordinary care, or grossly or wilfully negligent in making the schedule covering the distance from Manchester to Amoskeag in four minutes." One of the facts the defendant had to consider in making this schedule was the demand of the public for fast trains, consequently this demand was one of the things for the jury to consider in determining whether the defendant was guilty of gross negligence in fixing the running time of this train between Manchester and Amoskeag at four minutes.

*Exceptions overruled.*

All concurred.